# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL F. KISSELL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 18-1409 |
| | ) | |
| v. | ) | Chief United States Magistrate Judge |
| | ) | Cynthia Reed Eddy |
| | ) | |
| PENNSYLVANIA DEPARTMENT OF | ) | |
| CORRECTIONS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Presently pending before the Court is a motion to dismiss filed on behalf of Defendant Pennsylvania Department of Corrections ("DOC" or "Defendant") (ECF No. 14) with brief in support thereof (ECF No. 15). Plaintiff Michael F. Kissel ("Plaintiff") has responded with the filing of a brief in opposition (ECF No. 17) and Defendant has filed a reply (ECF No. 19). For the reasons stated herein, the motion to dismiss will be granted on the grounds of *res judicata* and the complaint will be dismissed with prejudice.[1]

### I. Factual Allegations and Prior Litigation

Plaintiff sues his former employer for retaliation pursuant to Title VII, 42 U.S.C. § 2000e-3(a) arising out of an alleged retaliation due to his "reporting sexual misconduct, among other crimes." (Compl. ¶ 31). In his single-count Complaint Plaintiff "asserts that he was discriminated

---

[1] Under the Federal Magistrate Judges Act ["Act"], a Magistrate Judge's jurisdiction may arise through the consent of the parties. 28 U.S.C. § 636(c). Under the Act, "[u]pon consent of the parties, a full-time United States magistrate judge ... may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court." 28 U.S.C. § 636(c)(1). Such a referral gives the magistrate judge full "authority over dispositive motions, conduct of trial, and entry of final judgment, all without district court review." *Roell v. Withrow*, 538 U.S. 580, 585, 123 S.Ct. 1696, 155 L.Ed.2d 775 (2003); *In re Search of Scranton Hous. Auth.*, 487 F.Supp.2d 530, 535 (M.D.Pa.2007). All parties have consented to the jurisdiction of the Magistrate Judge. (ECF Nos. 8, 9).

against and retaliated against for making charges, testifying, and assisting in an investigation against the Defendant in violation of 42 U.S.C. § 2000e-3(a). As a result, the Plaintiff has suffered damages in that he was harassed and forced to retire from his employment." (Compl. at ¶ 2).

Plaintiff began his employment on January 25, 1988 as a correctional officer at SCI-Greensburg, and during his employment he discovered numerous other employees committing sexual misconduct and crimes. (Compl. at ¶ 12). He alleges upon reporting this activity to his supervisors, he was later harassed and subject to a hostile work environment, and was terminated in June 1994 as a result. (Compl. at ¶¶ 13-15). After a successful lawsuit Plaintiff was reinstated in November 2004 at Defendant's facility in Somerset, Pennsylvania. (Compl. at ¶ 16).

He alleges that during the course of his employment after the reinstatement, he continued to observe sexual misconduct on the part of other employees and reported the same. (Compl. ¶ 17). As a direct result of Plaintiff's involvement with reporting the same, and also due to his past involvement with reporting such illegal behavior, the Defendant, through its employees and supervisors, again began harassing the Plaintiff and subjecting him to a hostile work environment. (Compl. ¶ 18). He specifically alleges that "Defendant's retaliatory conduct continued until they in essence forced the Plaintiff to retire on or about June 20, 2014." (Compl. at ¶ 30).

We take judicial notice of the following prior litigation involving this same plaintiff. On March 9, 2015, Kissell initiated a *pro se* action in this Court at No. 3:15-cv-00058-KAP-KRG against the DOC and his union, the Pennsylvania State Corrections Officers Association ("PSCOA"). The defendants filed motions to dismiss which were ultimately granted on June 22, 2015. *See Kissell v. Commonwealth of Pennsylvania Department of Corrections*, 2015 WL 11070890 (W.D.Pa. 2015) ("*Kissell I*"). Kissell appealed this decision to the United States Court of Appeals for the Third Circuit, which affirmed in part, vacated in part, and remanded

for further proceedings. *See Kissell v. Department of Corrections*, 634 Fed. App'x 876 (3rd Cir. 2015) ("*Kissell II*").

On remand, Kissell filed an Amended Complaint, which the defendants again moved to dismiss. The DOC's motion was granted on March 21, 2016. *See Kissell v. Commonwealth of Pennsylvania Department of Corrections*, 2016 WL 1271080 (W.D. Pa. 2016) ("*Kissell III*"). Kissell appealed the dismissal to the United States Court of Appeals for the Third Circuit, and the decision was affirmed. *See Kissell v. Department of Corrections*, 670 Fed. App'x 766 (3rd Cir. 2016) ("*Kissell IV*").

In *Kissell IV*, the court summarized:

On remand, Kissell filed an amended complaint attempting to reassert his Title VII claims and raising a § 1983 claim against the D.O.C. and P.S.C.O.A. He has now filed two complaints, along with objections that could be construed as attempts to amend those complaints. The Magistrate Judge's first report and recommendation determined that Kissell's Title VII claims, to the extent that they were against P.S.C.O.A., had only alleged passivity on the part of the union and not discrimination. The Magistrate Judge's second report and recommendation concluded that Kissell had not stated a viable claim.

We agree with the Magistrate Judge's analysis. To state a claim for retaliation, Kissell had to allege that: '1) he engaged in conduct protected by Title VII; 2) his employer took an adverse action against him either after or contemporaneous with the protected activity; and 3) a causal link exists between his protected conduct and the employer's adverse action.' Kissell did not sufficiently allege the second and third elements of retaliation. Kissell also failed to plead facts sufficient to allege discrimination on the basis of his sex, race, or disability; failed to point to parties other than P.S.C.O.A. or D.O.C. that these claims could be brought against; and otherwise failed to provide any clarity such that the District Court could fairly assess his claims. Given the above analysis, and that Kissell has been given several opportunities to amend his complaint, the District Court properly dismissed Kissell's complaint without further leave to amend.

Accordingly, we will affirm the District Court's judgment.

*Kissell IV*, 670 Fed. App'x at 767-768 (internal citations omitted).

## II. Standard of Review

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will likely prevail on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level" and "sufficient to state a claim for relief that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.... Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (*quoting Twombly*, 550 U.S. at 556) (internal citations omitted).

The United States Court of Appeals for the Third Circuit instructs that "a court reviewing the sufficiency of a complaint must take three steps." *Connelly v. Lane Constr, Corp.*, 809 F.3d 780 (3d Cir. 2016). The court explained:

> First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. *See also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth."(citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

809 F.3d at 876-77. "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679 (internal citations omitted).

**III. Discussion**

Defendants argue that the prior decision in *Kissell IV* constitutes a final judgment ton the merits between Kissell and the DOC, and because the present complaint involves the same claim, i.e. that "Defendant's retaliatory conduct continued until they in essence forced the Plaintiff to retire on or about June 20, 2014) (Compl. at ¶30), it should be dismissed on the grounds of *res judicata*. The doctrine of *res judicata*, or claim preclusion, "protects defendants from having to defend 'multiple identical or nearly identical lawsuits.'" *Bush v. Mercy Hospital,* 2017 WL 3327801, at *1 (3d Cir. 2017) (quoting *Morgan v. Covington Twp.*, 648 F.3d 172, 177 (3d Cir. 2011)). The doctrine of res judicata "bars claims that were brought, or could have been brought, in a previous action." *Bush*, 2017 WL 3327801, at *1 (citing *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008)). The doctrine applies where there is "(1) a final judgment on the merits in a prior

5

suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008) (citation omitted).

In response, Plaintiff, now represented by counsel, argues:

> While the Defendant has argued res judicata, it has failed to address one vital fact that sets the instant action apart from the Plaintiffs previous Pro Se action. More specifically, Plaintiff filed a Charge of Employment Discrimination with the United States Equal Employment Opportunity Commission (hereinafter referred to as "EEOC"), which was duel filed with the Pennsylvania Human Relations Commission (hereinafter referred to as "PHRC"), on or about May 21, 2013. The PHRC waived its opportunity to investigate the charge back to the EEOC, and the EEOC issued a Notice of Right to Sue dated July 23, 2018 (Paragraph 6 of Plaintiffs Complaint) (a copy of said letter is attached hereto, made a part hereof, and marked as "Exhibit A"). Accordingly, the Plaintiff did not have a right-to- sue letter when he filed his Pro Se action, as the same was not even issued until well after the dismissal of that action. As such, the Court in Plaintiffs Pro Se action did not yet have jurisdiction when the Pro Se action was filed or dismissed. In light of the same, together with the fact that the Plaintiffs Pro Se action was not decided on its merits, the instant action must be permitted to proceed. Accordingly, Plaintiff respectfully requests that this Honorable Court deny the Defendant's instant Motion to Dismiss.

(ECF No. 17 at 4-5). He attaches a right to sue letter from the Equal Employment Opportunity Commission dated July 23, 2018, which references his charge of discrimination against the DOC, SCI-Laurel Highlands. (ECF No. 17-1).

First we address Plaintiff's contention that the prior rulings in his lawsuits were not decided on the merits, and therefore, cannot be dismissed on the grounds of res judicata.[2] The court in *Kissell IV* held that Kissell had failed to state a claim of retaliation under Title VII, specifically as to the second and third elements, and given that Kissell had been given several opportunities to amend his complain, the District Court had properly dismissed his complaint without further leave to amend. This constitutes a final judgment on the merits. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 & n. 3, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981) (stating

---

[2] As Defendant notes in its reply, there is no doubt that Plaintiff previously asserted these same claims against this same defendant. Plaintiff does not dispute this.

6

that a "dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits" and has claim preclusive effect) (internal quotations omitted).

Next, we address Plaintiff's contention that the because the EEOC had not yet issued the right to sue letter at the time of the prior rulings the court did not yet have jurisdiction when the prior actions were dismissed. 42 U.S.C. §§ 2000e–2000e-17. This argument fails. The United States Supreme Court has held that the exhaustion requirement under Title VII is "a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of courts." *Fort Bend Cty. v Davis*, 139 S. Ct. 1843, 1851 (2019).

## IV. Conclusion

For these reasons, the motion to dismiss will be granted. Because any amendment would be futile under the circumstances, Plaintiff's Complaint will be dismissed with prejudice. A separate order follows.


Dated: August 27, 2019

s/*Cynthia Reed Eddy*
Cynthia Reed Eddy
Chief United States Magistrate Judge

cc: All counsel of record via ECF electronic notification

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL F. KISSELL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 18-1409 |
| | ) | |
| v. | ) | Chief United States Magistrate Judge |
| | ) | Cynthia Reed Eddy |
| | ) | |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, | ) ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

AND NOW, to-wit, this 27th day of August, 2019, it is hereby ORDERED, ADJUDGED and DECREED that Defendant's motion to dismiss (ECF No. 14) is hereby GRANTED and Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

s/*Cynthia Reed Eddy*
Cynthia Reed Eddy
Chief United States Magistrate Judge

cc: All counsel of record via ECF electronic notification